**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

**MOTION OF THE MDL PLAINTIFFS' STEERING COMMITTEE TO
STRIKE DEBTOR'S EMERGENCY MOTION TO ENFORCE THE
AUTOMATIC STAY AND OBJECTION TO SCHEDULING AN EMERGENCY
HEARING; AND, IN THE ALTERNATIVE, MOTION TO RECONSIDER
THE ORDER SCHEDULING AN EMERGENCY HEARING**

The Plaintiffs' Steering Committee (the "**PSC**") in the *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Multi-District Litigation* (MDL No. 2738) before the United States District Court for the District of New Jersey (the "**MDL Litigation**"), by its undersigned counsel, hereby (A) Moves to Strike the Debtor's Emergency Motion to Enforce the Automatic Stay Against Talc Claimants who Seek to Pursue their Claims Against the Debtor and its Non-Debtor Affiliates [Dkt. No. 44] (the "**Stay Motion**"), (B) Objects to the Debtor's *Ex Parte* Motion (the "**Emergency Hearing Motion**") for Entry of an Order Scheduling an Emergency Hearing (the "**Emergency Hearing Order**") [Dkt. No. 45]; and (C) in the event the Court has entered the Emergency Hearing Order, in the alternative, requests that the Court reconsider the Order Granting the Debtor's *Ex Parte* Motion for Entry of an Order Scheduling an Emergency Hearing on the Motion to Enforce the Automatic Stay Pursuant to Local Bankruptcy Rule 9013-1(f), and respectfully states as follows:

6714386.4

1. The PSC represents the interests of approximately 35,000 plaintiffs in the MDL Litigation (the "**MDL Plaintiffs**") with direct tort claims against Johnson & Johnson ("**J&J**") and others for undisclosed life-endangering health risks from extensive use of J&J's talcum powder products. The MDL Litigation is nearing the end of discovery and is scheduled for trial beginning on April 25, 2022. The Plaintiffs are women, many of whom waited for years to have their day in court, or the families of women who never lived long enough to see their day in court, or to see J&J face liability for its actions.

2. Now, on the precipice of J&J's victims having that day in court, through the bankruptcy filing of its newly created affiliate, LTL Management LLC ("**LTL**" or "**Debtor**"), J&J has sought to stay and derail the entirety of the MDL Litigation, notably trying to stay litigation against hundreds of non-debtor third parties. Without seeking any relief in this Court for a determination that the automatic stay extends to non-debtor defendants in the MDL Litigation, J&J and its co-defendants filed a "Notice of Bankruptcy Filing and Stay of Proceedings," unilaterally declaring that, "as a result of the Automatic Stay," "no further action may be taken to prosecute the talc-related claims" against a three page list of non-Debtor entities that include, in addition to J&J and New JJCI, "7-Eleven," "Albertson's Companies, Inc.," "Family Dollar Stores," "Target Corporation," etc.

3. In doing so, J&J and its co-defendants ignored the plain statutory language of 11 U.S.C. § 362(a) which provides that the automatic stay stays all "action[s] or proceeding[s] *against the debtor*" and all actions "to obtain possession ... or to exercise control over *property of the estate*" and therefore protects *only* debtors and their property -- not non-debtors or their property. 11 U.S.C. §§ 362(a) (1), (3) (emphasis added). The PSC advised the applicable courts and the Debtor that it opposes any stay of proceedings against J&J or the former Johnson & Johnson

Consumer Inc. ("**Old JJCI**") since neither company filed bankruptcy and that the "law does not provide for an automatic stay of cases against non-debtors."

4. In response to the PSC's appropriate notice, on October 18, 2021, the Debtor filed the Stay Motion and requested that this Court enter an Emergency Hearing Order. The Stay Motion, however, is procedurally improper and by this Motion, the PSC requests that the Stay Motion be stricken and not considered by this Court. The Stay Motion improperly seeks injunctive relief that can only be granted through commencement of an adversary proceeding under Rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and not by way of motion and contested matter under Bankruptcy Rule 9014. Specifically, Rule 7001 expressly provides that "the following are adversary proceedings: …(7) a proceeding to obtain an injunction or other equitable relief…" Of course, the Debtor's counsel knows this. Indeed, the very counsel representing the Debtor in this action commenced precisely such adversary proceedings in two other cases pending before this Court seeking injunctive relief to enjoin the prosecution of actions outside of the pending Chapter 11 cases. *See Aldrich Pump LLC. v. Those Parties to Actions Listed on Appendix A to Complaint (In re Aldrich Pump LLC)*, Adv. Pro. No. 20-03041 (Bankr. W.D. N.C) and *DBMP LLC v. Those Parties Listed on Appendix A to Complaint (In re DBMP LLC)*, Adv. Pro. No. 20-30080. Although the Debtor's counsel is well-versed in what is required to obtain the relief it seeks, the Debtor argues that this Court can extend the stay to non-debtors even though there is no precedent or procedure for this Court to do so absent an adversary proceeding appropriately filed and served on all creditors against which the stay would apply. Here, that means appropriate service on at least the 35,000 injured women who are participants in the MDL.

5. Not only has the Debtor filed a procedurally deficient motion, it has also asked this Court to consider the Stay Motion on an emergency basis – on less than 48 hours' notice – and in

6714386.4                                    3

support thereof filed the Emergency Hearing Motion. As of the filing of this motion, the Emergency Hearing Motion has not yet been granted. In the event the Court enters the Emergency Hearing Order after this motion is filed, pursuant to Local Bankruptcy Rule 9013-1(f), the PSC requests that the Court reconsider entry of the Emergency Hearing Order because the Debtor (a) seeks emergency relief on the improper Stay Motion which as set forth herein should be stricken as procedurally improper; (b) provides for a hearing to consider emergency relief on less than 48-hours' notice; and (c) has requested that notice of the Stay Motion be limited to counsel to the Plaintiffs and the top law firms representing claimants against the Debtor rather than the tens of thousands of claimants who would be directly affected if the Stay Motion is granted.

6. The Emergency Hearing Order is thus another example of the Debtor's attempt to run roughshod over the talc victims and further demonstrate the Debtor's efforts to focus singularly on the so-called "plaintiff bar." However, in addition to focusing on the interests of the Debtor, the interests of the tens of thousands of everyday citizens whose lives have been inexorably damaged by the prolonged use of J&J talcum products should never be forgotten. It is those victims who were kept in the dark by J&J and who indisputably have suffered the loss of human life and the pain, suffering and expense of battling ovarian cancer who seek compensation for their on-going, extraordinary losses. Those individuals, should never be overlooked – which is precisely what the Debtor tries to do in seeking to have a procedurally improper Stay Motion approved on an emergency basis without even attempting to provide notice to all the victims.

7. The Court should also bear in mind that what the Debtor wants is to stop all actions against J&J, even those that seek relief against J&J and Old JJCI for their independent, direct liability for their tortious acts. There is no part of section 362 that authorizes such astonishing relief.

8.     The PSC brings this Motion to the Court to be certain that the injured talc claimants receive their day in court in their battle to achieve an equitable distribution from J&J, a blue-chip company with its estimated market value of nearly half a *trillion* dollars and a credit rating that surpasses that of the U.S. government itself.  This Court should not countenance the Debtor's conduct which is designed to shunt J&J's liability off to this newly created and likely insolvent Debtor.

9.     For the foregoing reasons, the PSC respectfully requests that this Court enter an Order striking the Stay Motion, denying the Emergency Hearing Motion, and in the alternative, reconsidering and vacating the Emergency Hearing Order, and granting the PSC such other and further relief that is just and appropriate.

Dated: October 19, 2021
       Charlotte, NC

Respectfully submitted,

*/s/Cole Hayes*
Cole Hayes (NC Bar No. 44443)
601 S. Kings Drive
Suite F PMB #411
Charlotte, NC 28204
Telephone: 704-490-4247
Email: cole@colehayeslaw.com

Dated: October 19, 2021
       New York, New York

*/s/Melanie L. Cyganowski*
Melanie L. Cyganowski (NY Bar No. 1769678)
Adam C. Silverstein (NY Bar No. 2556538)
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104
Email: mcyganowski@otterbourg.com
       asilverstein@otterbourg.com
(Admitted *pro hac vice*)

*Attorneys for the Plaintiffs' Executive Committee*