Case 21-30589    Doc 208    Filed 10/26/21    Entered 10/26/21 13:35:50    Desc Main
                      Document    Page 1 of 3



FILED & JUDGMENT ENTERED
Steven T. Salata

October 26 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **LTL Management LLC**, ) | Case No. 21-30589 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### ORDER TO APPEAR AND SHOW CAUSE WHY VENUE SHOULD NOT BE TRANSFERRED TO ANOTHER DISTRICT

**THIS MATTER** is before the court on a review of its docket.  The court, on its own motion, may transfer a case to any other district if the court determines that that the transfer is in the interest of justice or for the convenience of the parties.  Fed. R. Bankr. 1014(a)(1).  It is unusual for the court to invoke this rule on its own motion; however, this is a highly unusual case.  For the reasons set forth below, the Debtor is ordered to appear and show cause why this case should not be transferred to another judicial district where venue is proper.

The Debtor commenced this Chapter 11 case on October 14, 2020.  Just two days earlier, the Debtor was first created through a corporate restructuring.  As a result of this restructuring, the former Johnson & Johnson Consumer Inc. ("Old JJCI"), a subsidiary of Johnson & Johnson ("J&J"), ceased to exist and two new corporate entitles were created.  The first is the Debtor, which initially was formed as a Texas limited liability company, and then converted into a North Carolina limited liability company.  The second entity was also initially formed as a Texas limited liability company, but then it was merged into J&J and changed its named to Johnson & Johnson Consumer Inc. ("New JJCI").  Through the restructuring, the Debtor received certain limited assets from Old

JJCI, together with all of Old JJCI's liabilities arising from talc-related claims. The Debtor maintains this restructuring was done to enable the Debtor to fully resolve talc-related claims through a chapter 11 reorganization without subjecting the entire J&J enterprise to a bankruptcy proceeding.

Venue is arguably proper in this judicial district since the Debtor was a North Carolina entity on the filing date, if only for two days. However, nearly all the assets and employees of the Debtor, New JJCI, and the Debtor's ultimate parent, J&J, are located in New Jersey. The Debtor has a mailing address of 501 George St., New Brunswick, NJ 08933. Moreover, New JJCI and J&J are both headquartered in New Jersey. The only employees of the Debtor are employees of Johnson & Johnson Services, Inc., a New Jersey corporation, that have been seconded to the Debtor. These employees continue to work in New Jersey. The only assets the Debtor owns in North Carolina are a bank account with $6 million in cash and other intangible assets, including membership interests in a North Carolina limited liability company and the rights to a funding agreement. The Debtor, which only existed for two days before filing this case, set up these assets primarily for the purpose of filing bankruptcy in this district. The Debtor conducts no other business in North Carolina.

Furthermore, according to the materials filed by the Debtor in this case and the evidence presented at first day hearings, few, if any, of the talc-related claims against the Debtor are pending in the Western District of North Carolina. Approximately 35,000 cases (of approximately 38,000), the overwhelming number of cases against the Debtor, are pending in federal multi-district litigation in New Jersey. <u>In re: Johnson & Johnson Talcum Power Products Marketing, Sales Practices and Products Liability Litigation</u>, Case MDL No. 2738, in the District of New Jersey, Case No. 16-02738. In addition, two other interested parties in this case, Imerys Talc America, Inc. and Cyprus Mines Corporation, are in bankruptcy proceedings currently pending in the District of Delaware. The Debtor's predecessor and J&J are substantial litigants in those bankruptcy cases.

Lastly, in considering whether to transfer venue, the court must also consider its own judicial resources and pending docket. This case is highly complex and will command a great deal of court time. There are currently five other mass tort bankruptcies pending in this district, all involving the controversial "Texas Two Step" divisional merger stratagem. This is a two-judge

district, with one judge conflicted out of this and several other of these cases.  Thus, this court has limited judicial resources to devote to this case.

Accordingly, the Debtor is hereby **ORDERED** to **APPEAR** and **SHOW CAUSE** why this case should not be transferred to a different venue.  A hearing on this Order to Appear and Show Cause will be conducted at **9:30 A.M. on NOVEMBER 10, 2021,** at the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, Courtroom 8, North Carolina 28202.  Should interested parties choose to file their own motions to transfer venue, they should also set them for hearing on November 10 at 9:30 A.M.  All written responses to this Order, any other like motions, and any supporting briefs are due by the close of business on November 5, 2021.  There will be no further briefing after November 5, 2021.

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court