UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>LTL MANAGEMENT, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-30589 (JCW) |

### KELLIE BREWER'S RESPONSE IN SUPPORT OF MOTION OF BANKRUPTCY ADMINISTRATOR TO TRANSFER VENUE OF BANKRUPTCY CASE PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014(A)(1) IN THE INTEREST OF JUSTICE OR FOR THE CONVENIENCE OF PARTIES

**NOW COMES** Kellie Brewer ("Respondent"), by and through undersigned counsel, and hereby files this response in support of *MOTION OF BANKRUPTCY ADMINISTRATOR TO TRANSFER VENUE OF BANKRUPTCY CASE PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014(a)(1) IN THE INTEREST OF JUSTICE OR FOR THE CONVENIENCE OF PARTIES* (the "Motion") filed by the United States Bankruptcy Administrator for the Western District of North Carolina (the "BA") on October 25, 2021 [Doc. 205]. Respondent respectfully requests that this case be transferred to the District of New Jersey. In support of this Response, Respondent states as follows:

### PRELIMINARY STATEMENT

In filing this case in this district, the Debtor snubs its nose at thousands of victims, the intent of the Bankruptcy Code, this Court and general notions against forum shopping. Here, a parent company with a capital market share well beyond $400 billion orchestrated a shrewd plan to reorganize the debts it desired, in a district it desires but has no real connection to, while

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

1

shielding certain assets. All of this, after five years of multi-district litigation in the District of New Jersey involving the lion's share of claimants. The Debtor was in existence for a mere 2 days before it filed for bankruptcy relief leading to multiple issues as it relates to the Texas Two-Step and the conduct of the Debtor, its affiliates and parent prior to the filing.

Why here? The salient facts lead a reasonable mind to conclude a bad-faith challenge is certain. The Fourth Circuit's standard for bad faith dismissal of a Chapter 11 bankruptcy is "one of the most stringent." *In re Dunes Hotel Assoc.*, 188 B.R. 162, 168 (Bankr. D.S.C. 1995). "In the Fourth Circuit, a court may dismiss a Chapter 11 filing as a bad faith filing only when the bankruptcy reorganization is both (i) objectively futile *and* (ii) filed in subjective bad faith." *In re Bestwall LLC*, 605 B.R. 43, 48 (Bankr. W.D.N.C. 2019), *citing Carolin Corp. v. Miller*, 886 F.2d 693, 700-01 (4th Cir. 1989). The Debtor is undoubtedly emboldened by its proposed counsel's previous defeat of the *Bestwall* claimants' committee's motion to dismiss for bad faith, untested on appeal. *Id*. In contrast, New Jersey and Delaware (both venues proposed by the BA) are both in the Third Circuit, which applies a more creditor-friendly standard for bad-faith dismissal. *In re Myers*, 491 F.3d 120 (3d Cir. 2007). In the Third Circuit,

> [w]hether a debtor has filed a bankruptcy petition in bad faith is a fact-sensitive assessment left to the discretion of the bankruptcy court, which makes this determination on a case-by-case basis in light of the totality of the circumstances. *In re Myers*, 491 F.3d at 125. The factors that have been deemed relevant to this analysis include 'the nature of the debt …; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming within the bankruptcy court and the creditors.'

*Gretz v. Inner Spirits, Inc.*, 2011 Bankr. LEXIS 1031 *5 (Bankr. Del.). While this Court is certainly apt to rule on these complex issues, for the reasons provided herein, this Court should not be the ultimate decision maker over this matter as the convenience of parties and the interest of justice unequivocally lead to this case being transferred to the District of New Jersey.

## JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 28 U.S.C. §§ 157 and 1412, 11 U.S.C. § 105, and Rule 1014 of the Federal Rules of Bankruptcy Procedure.

## UNDISPUTED STATEMENT OF FACTS

*Debtor's Origin and History*

1.     Prior to a divisive merger known as the Texas Two-Step[2], the Debtor's origin starts with a New Jersey entity known as Johnson & Johnson Consumer Companies, Inc. ("Old JJCI"). Initially, Old JJCI was a subsidiary of Janssen Pharmaceuticals, Inc., a New Jersey corporation ("Janssen"). However, Jannsen created an intermediate subsidiary known as Currahee Holding Company, Inc, also a New Jersey corporation[3] ("Currahee"), to be parent of Old JJCI. *See Declaration of John K. Kim in Support of First Day Pleadings* ("Kim Dec."), p. 6 ¶ 22.

2.     Currahee organized a Texas limited liability entity known as Chenango Zero, LLC as a wholly owned subsidiary. *Id.*

3.     From there, Chenango Zero merged with Old JJCI. Chenango Zero was the surviving entity, and then split into Chenango One, a Texas limited liability company, and Chenango Two, LLC, also a Texas limited liability company. *Id.*, p. 7 ¶ 23.

4.     Chenango Two, LLC thereafter merged with and into Currahee. Currahee is now

---

[2] Tex. Bus. Orgs. Code § 1.002(55)(A) (defining "merger" as "the division of a domestic entity into two or more new domestic entities . . . or a surviving domestic entity and one or more new domestic entities").

[3] Upon information and belief, Currahee is formed and organized under the state of New Jersey pursuant to the Amended and Restated Funding Agreement. Kim Dec., p. 35.

known as Johnson and Johnson Consumer Inc. *Id*. at p. 8.

5. Chenango One, LLC then effectively becomes the Debtor. *Id.*

6. On October 12, 2021, the Debtor was formed with the North Carolina Secretary of State through the filing of certain *Articles of Organization Including Articles of Conversion*. Mere hours prior, the Debtor was known as Chenango One, LLC, a Texas limited liability company. *See* the Motion, p. 3.

7. The Debtor filed its voluntary petition in this Court on October 14, 2021 [Doc. No. 1] (the "Petition").

8. In the Petition, the Debtor fails to list a North Carolina principal place of business but rather lists an address of 501 George St., New Brunswick, New Jersey 08933.

9. Upon information and belief, the Debtor's key employees, including Mr. Kim, all are located in New Jersey.

10. The Debtor's parent companies – Johnson & Johnson and JJCI – are all New Jersey companies. The notice addresses in the Funding Agreement are all New Jersey addresses. Kim Dec., Annex 2 § 8.

***Asserted Claims and Litigation***

11. The Debtor estimates that on the Petition Date, 38,000 cases were pending alleging ovarian cancer caused by Johnson & Johnson brand cosmetic talc products. Kim Dec., p. 15 ¶ 42. Upon information and belief, 35,000 of these cases are pending in a federal multi-district litigation in New Jersey (the "MDL Litigation") while the remaining 3300 are being prosecuted in state courts across the country. *Id.*

12. Per Appendix A attached to the Complaint initiating the associated adversary proceeding *LTL v. Those Parties Listed on Appendix A to Complaint et al.*, Adv. Pro. No. 21-3032

[Doc. 128], not one case is pending in a North Carolina court. *Id.,* Appendix A, p. 25-695. Not one.

13. The MDL Litigation has been progressing in New Jersey for five years following J&J and Old JJCI's request to centralize in either the District of New Jersey or the District of Oklahoma litigation that had been pending in more than 20 districts. *In re Johnson & Johnson Talcum Powder Products Mktg.,* 220 F.Supp. 3d 1356, 1357 (J.P.M.L. 2016) ("the Transfer Order").

14. The United States Judicial Panel on Multidistrict Litigation ordered the MDL Litigation transferred to New Jersey. *Id*. The Transfer Order crystalizes the Debtor's gamesmanship on the very venue issue:

> We select the District of New Jersey as the appropriate transferee district in this litigation. The district is a convenient and accessible forum for this nationwide litigation, and is located in close proximity to a large number of state court actions pending in New Jersey and other jurisdictions on the East Coast of the United States. As Johnson & Johnson is headquartered in New Jersey, relevant evidence and witnesses are likely located in the District of New Jersey.

*Id.* at 1359.

15. Additionally, the Debtor, via Old JJCI, is entangled in certain indemnification claims in connection with the bankruptcies of Imerys Talc America, Inc. and its subsidiaries as well as Cyrpus Mines Corporation. Imerys and Cyprus Mines are chapter 11 debtors in cases pending in the United States Bankruptcy Court before the District of Delaware.[4]

16. While the Debtor relies on the prior Texas Two-Step bankruptcy cases filed in this Court, this case differs from *Bestwall*, *DBMP*, and *Aldrich Pump* in that Respondent and her fellow

---

[4] *MOTION OF THE MDL PLAINTIFFS' STEERING COMMITTEE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 AND JOINDER IN BANKRUPTCY ADMINISTRATOR'S MOTION TO TRANSFER VENUE (the "MDL Motion")* [Doc. 235] (¶¶ 55-57).

5

38,000 claimants have direct claims against J&J (the company with the assets) in addition to claims against Old JJCI, the company with the liabilities that completed the Texas Two-Step.

***Debtor's Assets***

17. The Debtor's assets consist of:

   a. A bank account and approximately $6 million in cash;

   b. Old JJCI's rights and interests as payee under the Funding Agreement;

   c. Old JJCI's contracts related to its cosmetic talc litigation, including settlement agreements, interests in qualified settlement trusts, indemnity rights, service contracts and engagement and retention contracts, if any;

   d. All equity interests in Royalty A&M;

   e. Causes of action that relate to the assets and liabilities allocated to the Debtor;

   f. Privileges that relate to the assets and liabilities allocated to the Debtor; and

   g. Records that relate to the assets and liabilities allocated to the Debtor.

Kim Dec., p. 9 ¶ 24. The Debtor and its affiliates manufactured these assets, most of which are in New Jersey. However, Respondent desires to highlight certain assets that are telling of intent to manufacture venue.

18. Upon information and belief, the Debtor's approximate $6 million in cash is located at Bank of America, N.A. (a national bank with branches across the country).

19. Then there is the Debtor's membership interest in Royalty A&M, LLC ("Royalty"), a North Carolina limited liability company formed on October 7, 2021. *Id.* The Organizer for Royalty's filed Articles of Organization was Christopher Andrew with a business address of 608 Hudson Street, Hoboken, New Jersey. Mr. Andrew executed the Articles on October 6, 2021.

However, pursuant to a LinkedIn profile, and thus upon information and belief, Mr. Andrew is the Assistant General Counsel of J&J.[5]



## ARGUMENT

*28 U.S.C. § 1408*

20.     Venue for a bankruptcy case is proper upon either of two grounds: a debtor may commence its case in (i) any judicial district where the Debtor's "domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district"; or (ii)

---

[5] https://www.linkedin.com/in/chris-andrew-5525b420 (last visited 11/3/21).

any district where "there is a pending case under title 11 concerning…an affiliate, general partner or partnership." 28 U.S.C. § 1408.

21. While venue in this district may be technically proper, the Debtor manufactured it in order to forum shop in this district.

22. The Debtor will likely argue that it has complied with 28 U.S.C. § 1408 as it had been domiciled in this district for its entire existence prior to the bankruptcy filing – a mere two days.

23. Such an argument flouts the fact that the Debtor's predecessor and parent have for decades had a principal office in New Brunswick, New Jersey.

### 28 U.S.C. § 1412

24. This Court may transfer this case in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a).

25. Whether to transfer a case is "within the sound discretion of the court." *In re Akins*, 54 B.R. 529, 13 (Bankr. W.D. Wis. 1985) (*citing In re Med General*, 17 B.R. 15 (Bankr. D. Minn 1981)).

26. When utilizing its discretion on whether to transfer a case to a new venue, courts consider the following factors: "(1) plaintiff's choice of forum, (2) locus of operative facts, (3) convenience and relative means of parties, (4) convenience of witnesses, (5) availability of process to compel attendance of witnesses, (6) location of physical evidence, (7) relative familiarity of court with applicable law, and (8) interests of justice, including interests of trial efficiency." *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 306 B.R. 746, 750 (S.D.N.Y. 2004).

27. For the reasons proffered herein, in the Motion and in the MDL Motion, all of the foregoing factors weigh in favor of transferring the case to the District of New Jersey. Respondent will not regurgitate the compelling, salient facts.

28. Provided in the Motion, the BA's analogy of the current facts to that of *Patriot Coal* is truly on all fours. *In re Patriot Coal Corp.*, 482 B.R. 718 (Bank. S.D.N.Y. 2012). In *Patriot Coal*, while the Debtors asserted that they had literally complied with 28 U.S.C. § 1408 the court found that substance should trump form when evaluating the reasonable application of the venue statute. *Id.* at 743 ("To ignore it would be to condone the Debtors' strategy and elevate form over substance in a manner that courts have found impermissible; it would run afoul of any reasonable application of the intent of the venue statute. While the Debtors did in fact comply with section 1408, how they complied with the statute must be taken into account when considering the 'interest of justice' prong of section 1412.").

29. None truer is what has taken place in this case where the Debtor artificially and purposefully created the venue in this district.

## CONCLUSION

For the foregoing reasons, as well as those set out in the Motion and the MDL Motion, the District of New Jersey is a proper venue for this bankruptcy case under 28 U.S.C. § 1408 and due to the convenience of parties and in the interest of justice, along with the substantial factors weighing in favor to transfer the case. Respondent supports entry of an Order pursuant to 28 U.S.C. § 1412 to transfer this case to the District of New Jersey.

**For sake of clarity and out of an abundance of caution, the individual claimant Kellie Brewer does not consent to jurisdiction of this Court.**

This the 5th day of November, 2021.

**ESSEX RICHARDS, P.A.**

*/s/ John C. Woodman*

John C. Woodman (NC Bar No. 42365)
Heather W. Culp (NC Bar No. 30386)
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
jwoodman@essexrichards.com
Heather.Culp@essexrichards.com

**FEARS NACHAWATI, PLLC**

*/s/ N. Majed Nachawati*

N. Majed Nachawati (TX Bar No. 24038319)
Darren McDowell (TX Bar No. 24025520)
5489 Blair Road
Dallas, TX 75231
Tel: 214-890-0711
Fax: 214-890-0712
mn@fnlawfirm.com
dmcdowell@fnlawfirm.com

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, I electronically filed the foregoing **KELLIE BREWER'S RESPONSE IN SUPPORT OF MOTION OF BANKRUPTCY ADMINISTRATOR TO TRANSFER VENUE OF BANKRUPTCY CASE PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014(A)(1) IN THE INTEREST OF JUSTICE OR FOR THE CONVENIENCE OF PARTIES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to registered parties.

**ESSEX RICHARDS, P.A.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
Heather W. Culp (NC Bar No. 30386)
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
jwoodman@essexrichards.com
Heather.Culp@essexrichards.com