

FILED & JUDGMENT ENTERED
Steven T. Salata

November 10 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LTL MANAGEMENT LLC.,[1] | : | Case No. 21-30589 (JCW) |
| Debtor. | : | |
| LTL MANAGEMENT LLC, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 21-03032 (JCW) |
| THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | : | |
| Defendants. | : | |

## AGREED ORDER EXTENDING TIME FOR
## TALC COMMITTEE TO SEEK RECONSIDERATION OF CERTAIN ORDERS

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

{00356787 v 1 }NAI-1522365771v2

## RECITALS

A. On October 14, 2021 (the "Petition Date"), LTL Management LLC, the debtor in the above-captioned case (the "Debtor") commenced a case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B. On the October 21, 2021, the Debtor commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in which the Debtor seeks certain injunctive and/or declaratory relief.

C. The Court entered certain orders in the Chapter 11 Case on or shortly after the Petition Date, including the following (collectively, the "Chapter 11 Orders"):

   a. *Ex Parte Order Suspending Entry and Service of Standard Notice of Commencement* [Dkt. 24];

   b. *Ex Parte Order Extending the Time Within Which the Debtor Must File its (A) Schedules of Assets and Liabilities and (B) Statement of Financial Affairs* [Dkt. 26];

   c. *Ex Parte Order (I) Scheduling an Expedited Hearing on Certain First Day Pleadings and (II) Approving the Form and Manner of Limited Notice Thereof* [Dkt. 34]; and

   d. *Ex Parte Order Granting the Debtor Authority to Exceed Maximum Page Limit* [Dkt. 46].

D. The Court also entered the following order in the Adversary Proceeding (the "AP Order"):

   a. *Ex Parte Order Granting the Debtor Authority to Exceed Maximum Page Limit* [Adv. Pro. Dkt. 14].

E. The Court also granted the following motions, and orders approving such motions (the "Additional Orders" and, collectively with the Chapter 11 Orders and AP Order, the "Orders") will be entered substantially contemporaneously with the entry of this Order:

  a. *Debtor's Application for an Order Authorizing the Retention and Employment of Epiq Corporate Restructuring, LLC as Claims, Noticing and Ballot Agent* [Dkt. 6];

  b. *Debtor's Motion for an Order: (I) Authorizing it to File a List of the Top Law Firms with Talc Cases against the Debtor in Lieu of the List of the 20 Largest Unsecured Creditors; (II) Approving Certain Notice Procedures for Talc Claimants; and (III) Approving the Form and Manner of Notice of Commencement of this Case* [Dkt. 7];

  c. *Debtor's Motion for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* [Dkt. 10]; and

  d. *Debtor's Motion for an Order: (I) Approving the Continued Use of its Bank Account and Business Forms; (II) Granting a Waiver of the Requirements of Section 345(b) of the Bankruptcy Code; and (III) Authorizing the Debtor's Bank to Charge Certain Fees and Other Amounts* [Dkt. 11].

  F. The Orders were served or will be served on parties in interest over various days beginning on the Petition Date, as confirmed or will be confirmed by certificates of service filed with the Court in the Chapter 11 Case [Dkts. 59, 78, 79, 105] and the Adversary Proceeding [Adv. Pro. Dkt. 13].

  G. Pursuant to Rule 9013-1(f) of the Rules of Practice and Procedure for the United States Bankruptcy Court for the Western District of North Carolina and/or the terms of the Orders, any party shall be entitled to request that the Court reconsider entry of the Orders within 14 days of service of the applicable Order, which would be various dates starting as early as November 2, 2021, for those Orders that were served shortly after the Petition Date, and extending beyond such date based upon the date of service of the applicable Order (all applicable dates collectively, the "Original Reconsideration Deadline").

  H. On October 15, 2021, the United States Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") filed the *Notice of*

*Solicitation of Parties Interested in Service on an Official Committee of Talc Claimants* [Dkt. 38].

I.      The Court has scheduled a hearing to consider the appointment of the official committee of talc claimants (the "Talc Committee") on November 4, 2021 (the "TCC Appointment Hearing"). The TCC Appointment Hearing may be just before or after the Original Reconsideration Deadlines for all of the Orders.

J.      A Talc Committee will not be appointed until the TCC Appointment Hearing or later; therefore, any Talc Committee would likely not have an opportunity to consider the Orders prior to the Original Reconsideration Deadlines with respect to each Order.

K.      Additionally, the appointment of a legal representative for future talc claimants (an "FCR") has neither been requested, nor approved.

L.      The Bankruptcy Administrator has requested, and the Debtor has agreed, to extend the respective dates by which any Talc Committee or FCR appointed in this Chapter 11 Case must seek reconsideration of the Orders, (i) with respect to any Talc Committee, through and including the date that is fourteen calendar days after the appointment of any such Talc Committee and (ii) with respect to any FCR, through and including the date that is fourteen calendar days after the appointment of any such FCR (each, a "Extended Reconsideration Deadline").

IT IS HEREBY ORDERED THAT:

1.      Any Talc Committee or FCR appointed in this Chapter 11 Case may request that the Court reconsider any of the Orders through and including the applicable Extended Reconsideration Deadline.

Dated: October [**], 2021
Charlotte, North Carolina

Respectfully submitted,

*/s/ John R. Miller, Jr.*
C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
Matthew L. Tomsic (NC 52431)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
Telephone: (704) 334-0891
Facsimile: (704) 377-1897
E-mail: rrayburn@rcdlaw.net
jmiller@rcdlaw.net
mtomsic@rcdlaw.net

Gregory M. Gordon (TX Bar No. 08435300)
Dan B. Prieto (TX Bar No. 24048744)
Amanda Rush (TX Bar No. 24079422)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

Brad B. Erens (IL Bar No. 06206864)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: bberens@jonesday.com
(Admitted *pro hac vice*)

PROPOSED ATTORNEYS FOR DEBTOR

*/s/ Shelley K. Abel*
Shelley K. Abel (NC Bar No. 34370)
United States Bankruptcy Administrator for the
Western District of North Carolina
402 West Trade Street, Suite 200
Charlotte, North Carolina 28202
Telephone: (704) 350-7587
Facsimile: (704) 344-6666
E-mail: Shelley_Abel@ncwba.uscourts.gov

BANKRUPTCY ADMINISTRATOR

This Order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of the Order.

United States Bankruptcy Court